Per Curiam.

The plaintiff claims to recover in this action, on the ground that the paupers were supported by him, and. that it was certified by the overseers to the Commonwealth, that they were supported by the town and the sum of 90 cents a week for each of them was received from the Commonwealth ; so that the defendants are concluded from denying their liability. This depends on the questions, whether the plaintiff’s interposition was right, and whether it was recognized by the town, and whether the money was received to his use. The Court think, on the whole - matter, that the plaintiff is not entitled to recover on this ground.
The Court are of opinion that there was not sufficient evidence of a contract, express or implied, between the parties, to go to the jury, and that a verdict for the plaintiff upon the facts in the case, would have been a verdict against evidence.
Whether the contract between Chapin and Mowry could be established as between them, is immaterial. The question is, whether the town had made provision for the maintenance of the paupers ; and we think it had ; and though this contract might be difficult to support as between the parties, the Court lay that question out of the case ; for if the parties do not choose to take advantage of its insufficiency, and if in point of fact Mowry did make provision for the paupers in pursuance of his contract with the town, the plaintiff, who is a stranger, cannot dispute the validity of such contract.
The Court perceive no evidence of a conspiracy or intention to defraud the Commonwealth.
The supposed contract for a night’s lodging of the paupers, is not proved. Newcomb, in consequence of its being late and stormy, permitted the paupers to go back to the plaintiff’s, on their stipulating that they would return to Mowry’s in the morning. This is equivocal and not sufficient proof of a contract.
The count for money had and received is not supported by evidence. All the circumstances negative the allegation, that *30 the money was received for the use of the plaintiff. The defendants made a contract with Mowry, and the clothes which they sent to the paupers were paid for by him. ,
The plaintiff offered evidence tending to show ill treatment of the paupers on the part of Mowry, and the instruction of the judge on this subject is objected to. It is not necessary to scrutinize the correctness of this instruction taken abstractly ; it was given in reference to the circumstances under consideration. If there was inhumanity on the part of Mowry, notice should have been given to the overseers, and if they had neglected to correct the misconduct complained of, or to provide other suitable support for the paupers, an individual might be warranted in providing for their relief at the expense of the town, in the same manner as if no provision had been made for them, after due notice to the overseers. Si. 1793, c. 59, § 13.[1]

Judgment affirmed.

 See Revised Slat. c. 46, § 18; Westfield v. Southwick, 17 Pick, 69, 70